THE EAST TENN., VA. & GA. RAILWAY CO. *v.* WARMACK.

1. The verdict was in accordance with law and evidence.
2. A charge as to the measure of damages, which did not injure the plaintiff in error, is not ground for new trial.
3. It appearing that the injury occurred because the railroad company violated the law in running its train to and over a crossing in an illegal manner, it was not error for the court to refuse to charge the jury that, to make the company liable, the failure to comply with the law must operate as a cause of the injury, and if the injury would not have occurred but for such violation of law, then the company would be liable, otherwise it would not.
4. The admission of evidence as to damages on account of the loss of hire of the mules in question, if error at all, was not such error as would give the plaintiff in error a right to complain, it not appearing that the jury allowed any damages for such loss of hire, and the amount of damages found being fully authorized by the evidence as to the injury to the wagon and the mules, which damages were sufficiently alleged in the declaration.

December 20, 1890.

Railroads. Damages. Negligence. Charge of court. Evidence. Before Judge MILNER. Whitfield superior court. April term, 1890.

The allegations of the declaration as to the damages sustained were, that the railroad company "has damaged petitioner three hundred dollars," and that its train collided with his wagon and team "and demolished the greater part of said wagon and badly crippled the four mules of petitioner used with said wagon, to the damage of petitioner three hundred dollars."

The evidence for plaintiff tended to show the following : Denman, who was in charge of the wagon and team when the collision occurred, drove up within

about forty feet of a public crossing upon which the train was standing, waited until it moved forward and the crossing was cleared, and then went on with the team, thinking, from the speed at which the train was moving, it would not come back; but when he got on the track, the train ran back at a rate of fifteen or twenty miles per hour and struck the hind wheels of the wagon. The cars were about forty feet away and had just cleared the crossing when Denman started across. The wagon was coupled pretty long, for hauling lumber, and the length of the wagon and four mules attached to it was about twenty-five feet. The train was standing still, and had not been switching back and forth so far as Denman saw; and when he started across, the train was on the north side of the crossing, moving rapidly forward; when he reached the track the train was about fifty feet from the crossing, and then had started backwards; if he could have got six feet further, he would have been out of danger. None of the train-men were near Denman or on the ground, that Denman saw, but the man who seemed to be running the engine was looking at him when the train struck the wagon. The hind wheels were torn to pieces, and the hounds and brake were broken. The wagon was new, and was damaged $25 or $30; the harness was badly torn up and was damaged from $3 to $5. The mules were dragged by the train. Denman thought two of them were injured about $50 each, and the other two about $5 each. A. J. Warmack testified that the mules were damaged $25 each; that plaintiff, his brother, let him have the two least injured, and he did light work with them for their feed; that the two worst injured did little or no work; that a team and driver were worth $2.50 per day, and that the driver was worth fifty cents per day. The testimony of plaintiff and of others tended to show that two of the mules

were skinned on the sides and legs, and they all seemed
to be stiff and strained; that one of them was damaged
$75, one $50, one $25 and one $10, and those worst
injured did but little work from October 14, 1887, the
time of the injury, until March following, when plaintiff
sold one of them, the other two being worked some but
not all the time ; that the one the worst injured, a few
days after the injury, appeared to have some trouble
with its eyes, which plaintiff had never noticed before
the injury, and which might have been caused by a
strain; that each pair of the mules was worth before
they were injured, $300; that he sold one pair in the
following March for $225, and one of the others after-
wards for $115.

The testimony for the defendant tended to show as
follows :   At the time of the collision the engineer had
gone into a station-office for orders, and the engine
was being handled by the fireman.    The train had been
standing three or four minutes.    The engine and ten
or fifteen cars moved up north of the crossing.    The
road curves to the left, and there is an embankment on
the left side six or eight feet high, upon which some
lumber and ties were piled.    This curve of the road
prevented the man handling the engine from seeing
any one on the crossing ; and if the engineer had been
on the engine, in his usual position, he could not have
seen any one on the crossing on account of the curve.
None of the train-hands were at the crossing, and the
conductor was forty or fifty yards south of it, and a
train-hand had gone with the train to change the
switch.    The train came back at a speed not over three
or four miles an hour.    The wagon was not damaged
more than $18 or $20.    Only one of the mules was in-
jured; it had a skinned place on its leg and one on its
side, both about the size of a silver dollar; and they
were not damaged much, if anything.

The jury found for the plaintiff $174.50. The defendant moved for a new trial on the grounds stated in the opinion.

Bacon & Rutherford, Dorsey & Howell and Maddox & Longley, for plaintiff in error.

R. J. & J. McCamy, *contra.*

Blandford, Justice.

Defendant in error sued the railway company for damages sustained by reason of the negligent running of the company's train, whereby a collision was caused with defendant's wagon and team, in which the wagon was damaged and the mules badly crippled. A verdict was had for the defendant in error; the railway company moved for a new trial, which was overruled by the court, and it excepted.

It is complained by the plaintiff in error that the verdict of the jury was contrary to law, to the evidence, etc. We think, however, that the verdict was in accordance with the law and the evidence in the case.

It is further alleged as error that the court charged the jury that "The measure of damages is the difference in the value of the mules before and after the injury occurred, and you may add thereto any damage the plaintiff may have sustained on account of loss of time of the mules, if the proof shows any." We do not think the plaintiff in error was in any way injured by this charge, as it does not appear that the jury added to their verdict any damage on account of the loss of time of the mules.

The 4th assignment of error complains that the court refused to give the following request in charge to the jury: " A railroad company would not be liable for an injury simply because at the time the injury happened the train might be running or handled in a manner forbidden by law, but to make the company

liable in such a case the failure to comply with the law must operate as a cause of the injury; in other words, if the injury would not have occurred but for such violation of law, then the company would be liable, otherwise it would not." We think the court did right to refuse this charge, because, according to the evidence, it appears that the injury occurred by reason of the company having violated the law in running its train to and over the crossing in an illegal manner.

The 5th assignment of error complains that the court permitted the witness Andrew Warmack to testify that the hire of the mules was worth $2.75, and the driver would be worth 50 cents per day, which would make the hire of the mules $3.25 per day; this testimony being objected to on the ground that it was illegal and that the pleadings did not authorize the introduction of proof of value of the mules, there being nothing claimed in the declaration for hire. We do not think there was any error in permitting this testimony; at least, not such error as would give the plaintiff in error a right to complain of here, as it does not appear from the record that the jury allowed any damage on account of the loss of hire of the mules, and the amount of damages found by the jury was fully authorized by the evidence as to the injury to the wagon and mules, which damage was sufficiently alleged in the declaration.          *Judgment affirmed.*