376. ATLANTIC AND BIRMINGHAM RAILWAY COMPANY *v.* SMITH.

HILL, C. J. 1. In a suit against a railroad company for killing stock, the court instructed the jury as follows: "If you believe from the evidence in the case, and from all the facts and surrounding circumstances, that the defendant did use all the means he possibly could, or such as the law requires; if you believe that he used all diligence in his power to keep from killing the mule, it would be your duty to find for the defendant." The court immediately corrected the error complained of in this charge, as follows: "Now what I said about all diligence just now I correct that to this extent—exercise all reasonable care and diligence. That is the class of diligence required in the matter of stock; all ordinary and reasonable care and diligence; that is the class required." *Held,* that the error was sufficiently cured and rendered harmless. Especially is this true when in the body of the charge the court gave to the jury section 2321 of the Civil Code, and specifically instructed them that the diligence required of railroads to prevent the killing of stock was as laid down in said section. *Savannah Railway Co. v. Hatcher,* 118 *Ga.* 273, 45 S. E. 239; *Morrison v. Dickey,* 119 *Ga.* 701, 46 S. E. 863; *East Tenn. R. Co. v. Miller,* 95 *Ga.* 738, 22 S. E. 660.

2. In the absence of a written request for the court to define to the jury the meaning of the words "ordinary and reasonable care and diligence," there was no error in the omission to do so. It is doubtful if any specific definition would enlighten the jury, or make any clearer the plain meaning of these simple words.

**3.** This court again emphasizes the fact that where there is no error of law, it has no authority to disturb a verdict supported by any evidence. Neither has it any inclination to do so where such verdict is approved by the trial court.    *Judgment affirmed.*

Action for damages, from city court of Vienna—Judge Henderson.    February 18, 1907.

Argued June 19,—Decided July 10, 1907.

*Rosser & Brandon, Crum & Jones,* for plaintiff in error.

*George & Woodward,* contra.

