## SAVANNAH ELECTRIC COMPANY *v.* BENNETT.

1. On the trial of a case against a common carrier by a passenger for damages arising from personal injuries caused by the negligence of the agents and servants of the common carrier, in the manner of operating the car of the defendant, a charge that "If you find that the car was stopped for the purpose of enabling the plaintiff to alight, and that she was not afforded a reasonable time and opportunity to alight with safety, and while in the exercise of ordinary care for her own safety she was injured as alleged in her petition, you would be authorized to find for the plaintiff," was not erroneous on the ground that it instructed the jury that the facts therein recited constituted actionable negligence.

2. On the trial of a case of the character mentioned in the preceding headnote, where the judge instructed the jury that the defendant was bound to exercise "extraordinary care and diligence" in carrying the plaintiff, and that the plaintiff was bound to the exercise of "ordinary care and diligence" for her own safety, it was not error requiring the grant of a new trial that the court did not, in connection with such instructions, define to the jury the meaning of the phrases "extraordinary care and diligence" and "ordinary care and diligence," in the absence of a timely written request for such instructions.

3. On the trial of this case the law upon the question of negligence as it affected the plaintiff's right to recover and the right of the defendant to have a verdict rendered in its favor was substantially and fairly submitted to the jury. It does not appear from the record that the defendant contended before the court and jury at the trial, by plea or otherwise, that the amount of damages recoverable by the plaintiff should be diminished on account of the contributory negligence of the plaintiff. Under these conditions the doctrine of comparative negligence was not directly involved, and this court will not reverse the judgment of the trial court, overruling the motion for new trial, because the presiding judge failed to charge the law applicable to diminution of damages on account of contributory negligence, when there was no request to charge on that subject.

Argued January 10,—Decided May 13, 1908.

Action for damages. Before Judge Cann. Chatham superior court. June 25, 1907.

*Osborne & Lawrence,* for plaintiff in error.

*Twiggs, Oliver, Gazan & Oliver,* contra.

ATKINSON, J.  1.  On the trial of a suit for damages on account of personal injuries alleged to have resulted from certain acts of negligence chargeable to the defendant and fully set forth in the original petition, the judge charged the jury: "If you find that the car was stopped for the purpose. of enabling the plaintiff to alight, and that she was not afforded a reasonable time and opportunity to alight with safety, and while in the exercise of ordinary care for her own safety she was injured as alleged in her petition, you would be authorized to find for the plaintiff." In the motion for new trial complaint is made of this excerpt from the court's charge, the error assigned being that by the use of the language quoted the court instructed the jury that the facts therein recited constituted actionable negligence.  The charge should be construed as an instruction to the jury that if they found that the car was stopped for the purpose of enabling the plaintiff to alight, and (if they further found) that she was not afforded a reasonable time and opportunity to alight in safety, and (if they further found) that while in the exercise of ordinary care for her own safety she was injured, then they would be authorized to find for the plaintiff.  In other words, the court in effect charged that the railroad company owed the passenger the duty to afford her a reasonable opportunity to alight in safety, and if there was a breach of this duty and the plaintiff was injured while in the exercise of ordinary care for her own safety, she could recover for such breach of duty.  This is merely the application of legal principles involved in the case, and does not withdraw from the consideration of the jury any question of fact.  The plaintiff was a passenger on the car of the defendant, and, as a matter of law, was entitled to a reasonable opportunity to alight in safety at the place of her destination, and the charge was not open to the criticism made upon it.  *Central R. Co.* v. *Neighbors,* 83 *Ga.* 444; *Daniels* v. *W. & A. R. Co.,* 96 *Ga.* 786; *Burnham* v. *W. & A. R. Co.,* 123 *Ga.* 28. What would amount to a reasonable opportunity to alight in safety was a question for the jury, which was left for their determination. In support of his contention that the charge was erroneous, coun-

sel for plaintiff in error, among other cases, cite the case of *Central Ry. Co. v. McKenney,* 116 *Ga.* 13. We do not think the ruling in that case controls the present. The charge which was there under review was more restricted, and the ruling was not, as in this case, put upon the breach of duty to afford a reasonable opportunity to alight.

2. The judge charged the jury that "the degree of care chargeable to the defendant is extraordinary care and diligence," but did not, in connection with that instruction, give the definition of "extraordinary care and diligence." The judge also charged the jury that the degree of care required of the plaintiff for her own safety was "ordinary care and diligence," but in connection therewith did not define "ordinary care and diligence." Complaint is made in the motion for new trial that the court committed error in failing to define the phrases mentioned. There was no request by counsel for the plaintiff in error for instructions to the jury giving such definitions. Giving the phrase "extraordinary care and diligence" its ordinary and conventional meaning, the court did not convey to the jury an impression that the defendant was under any greater duty to the plaintiff than the law imposed upon it. Civil Code, §§ 2266, 2899. And giving the phrase "ordinary care and diligence," its common and conventional meaning, the court instructed the jury that the plaintiff was bound to the degree of care for her own safety which the law exacts of a passenger. Civil Code, §§ 3830, 2898. Under these conditions, and the court having correctly charged the degree of care required of the respective parties, it was not error requiring the grant of a new trial that the judge omitted to give instructions to the jury defining the phrases "extraordinary care and diligence" and "ordinary care and diligence," in the absence of a timely written request for such instruction. *Central Ry. Co. v. Johnston,* 106 *Ga.* 130, 135-6; *Battle v. State,* 103 *Ga.* 53, 57; *Ga. So. & Fla. R. Co. v. Young Investment Co.,* 119 *Ga.* 513; *Holmes v. Clisby,* 121 *Ga.* 245. See also notes and cases cited in Blashfield's Instructions to Juries, §§ 112, 113; 11 Enc. Pl. & Pr. 202-4.

3. With respect to the amount of damages recoverable, the judge instructed the jury that in the event they found in favor of the plaintiff, she would be entitled to recover for pain and suffering resulting directly and proximately from the injury, etc., and made

no reference to the doctrine of diminution of damages on account of any contributory negligence upon the part of the plaintiff. There was no request to charge, and the defendant complained in the motion for new trial of the omission of the court so to charge, and of the court's failing to instruct the jury as to the doctrine of comparative negligence, as embraced in section 2322 of the Civil Code, there being evidence which would authorize the jury to find that the negligence of the plaintiff contributed to the injury. The judge substantially and fairly submitted to the jury the law upon the question of negligence, both as it affected the plaintiff's right to recover and the right of the defendant to have a verdict rendered in its favor. There is nothing in the record, appearing from the plea of the defendant or otherwise, which indicates that the defendant contended before the court and jury that the damages recoverable should be diminished on account of contributory negligence upon the part of the plaintiff. So far as the record discloses, the only contention made by the defendant before the court and jury was that the plaintiff was not entitled to recover any amount whatever. Under these circumstances, the defense that the plaintiff's damages should be diminished under the comparative-negligence doctrine was not directly involved in the case, and in such a case, as ruled in *Savannah Electric Co.* v. *Crawford, ante, 422* (60 S. E. 1056), "this court will not reverse the judgment of the trial court, overruling a motion for a new trial, because the presiding judge failed to charge the law applicable to such contributory (or comparative) negligence, when there was no request to charge on that subject." *Judgment affirmed. All the Justices concur.*