## 11125.   BELLE ISLE *v.* KINDIG.

1. A cause of action for damages against an automobile owner, sued jointly with a street-railway company, is stated by allegations to the effect that a car of the street-railway, running at excessive speed, struck his automobile and drove it against an automobile from which the plaintiff was alighting, and injured her, it being alleged that his servant who was driving his automobile was negligent in failing to keep a proper lookout to prevent the striking of his automobile by the street-car, and in driving into the way of the street-car.

2, 3. In view of the entire charge of the court and the facts of the case, there was no ground for a new trial in the instructions complained of, or in the refusal of requests to charge.

4. If there was error in allowing certain hypothetical questions put to a witness, and the answers to them, the error was cured by the charge of the court.

5. The verdict was supported by evidence and was approved by the trial judge, and, there being no harmful error of law, this court has no authority to disturb it.

DECIDED MAY 11, 1920.

Action for damages; from Fulton superior court — Judge Pendleton.   October 23, 1919.

The petition alleged, in substance, that when the plaintiff was alighting from an automobile in front of a hotel in the city of Atlanta, with her baby in her arms, an automobile owned by the defendant Belle Isle and driven by his servant was struck by a street-car of the defendant railway company and by the force of the collision was driven into the automobile from which she was alighting, injuring her in a manner described; to her damage in the sum of $10,000; that her injuries were the result of the joint

and several negligence of the defendants; that the defendant railway company was negligent in that its car when it struck Belle Isle's automobile was being run at reckless and dangerous speed, in violation of an ordinance of the city of Atlanta limiting the speed of street-cars to 15 miles an hour, and in violation of the right of occupants of the street to use necessary parts of it without being endangered by such illegal use of the street; and that the defendant company was further negligent in that failed to check the speed of its car so as to avoid collision with the automobile when it saw or in the exercise of ordinary care should have seen that Belle Isle's automobile was turning upon the railway track; that Belle Isle was negligent in that his servant in charge of his automobile failed to keep a proper lookout to prevent the striking of his automobile by the street-car, and in that his servant negligently drove into the way of the street-car so that his automobile was knocked against the automobile occupied by the plaintiff.

*Smith, Hammond & Smith,* for plaintiff in error.

*Arminius Wright,* contra.

BLOODWORTH, J. 1. Suit for damages on account of personal injuries was instituted against A. L. Belle Isle and the Georgia Railway & Power Company. During the trial and before the case was submitted to the jury, defendant Belle Isle moved the court to dismiss the case as to him, because the plaintiff's petition set forth no cause of action as to him. This motion was properly overruled.

2. Grounds 1, 2, and 3 of the amendment to the motion for new trial complain that certain excerpts from the charge are erroneous, but when these excerpts are read in the light of the entire charge and the facts of the case, we find in them no error demanding the grant of a new trial.

3. Special grounds 4 to 16, inclusive, and 18 all allege error "because the court did not charge the jury literally or in substance" certain specified propositions of law. The material issues of the case were clearly and correctly covered by the charge given, and if fuller instructions on any given point were desired, a proper and legal request therefor should have been made in writing before the jury retired to consider of their verdict, as required by § 6084 of the Civil Code of 1910.

4. If error was committed in allowing the hypothetical question and the answer to it as set out in the 17th special ground of

the motion for new trial, the error was cured by the charge of the court.

5. There was ample evidence to support the verdict for the plaintiff, which has the approval of the trial judge, and, as no harmful error of law was committed, we have no authority to disturb it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*