## 26427. JACKSON v. ELY.

MacINTYRE, J. 1. The defendant having introduced no evidence, and it appearing from evidence offered by the plaintiff that, while drunk and traveling at a rate of speed exceeding forty miles per hour, the defendant drove his automobile from a street in the town of Bowdon, Georgia, onto a sidewalk of that municipality and struck and painfully injured the plaintiff, a six-year-old child, this court can not reverse the judgment on the general grounds of the motion for new trial.

2. The court properly confined the jury to a consideration of the specifications of negligence set out in the petition.

3. For no reason assigned was there error in the following excerpt from the charge of the court: "I charge you . . that for a personal injury to a child of tender years, the law furnishes no measure of damages other than the enlightened consciences of impartial jurors guided by all the facts and circumstances of the case."

4. The following charge of the court was not reversible error either (a) because "it submitted to the jury a question that was not in the case," or (b) because there were neither pleadings nor evidence warranting the court in using the phrase "and mutilation of the person:" "Among the results of the injury to be considered, if any injury occurred, are pain and suffering, disfigurement, if any, and mutilation of the person, if you find that occurred in this case."

5. There was nothing inherently wrong in the court's charge that "Negligence means simply the absence of or failure to exercise the degree of care required by law to be exercised;" and, in the absence of a request to do so, the court did not err in failing to define "ordinary care." *Savannah Electric Co.* v. *Bennett*, 130 *Ga.* 597 (2) (61 S. E. 529); *A. & B. Ry. Co.* v. *Smith*; 2 *Ga. App.* 294 (2) (58 S. E. 542); *W. U. Tel. Co.* v. *Ford*, 10 *Ga. App.* 606 (5) (74 S. E. 70); *Georgia R. & Banking Co.* v. *Farmer*, 45 *Ga. App.* 130 (2) (164 S. E. 71); *Southern Grocery Stores Inc.* v. *Cain*, 50 *Ga. App.* 629 (3) (179 S. E. 128).

6. The verdict for $500 does not indicate bias or prejudice on the part of the jury and is not excessive. Code, §§ 105-2003, 105-2015.

    *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

    DECIDED DECEMBER 1, 1937.

*J. L. Smith,* for plaintiff in error. *Willis Smith,* contra.