SCRIVEN, Appellant, v BAILEY, Respondent

(290 N. W. 486.)

(File No. 8327. Opinion filed March 5, 1940.)

Rehearing Denied May 4, 1940.

**P. A. Hosford,** of Winner, for Appellant.

**H. O. Lund,** of Winner, for Respondent.

WARREN, J. ■ Ellen B. Scriven brought action against George M. Bailey to recover damages for the removal of certain trade fixtures upon real property owned by her in the city of Winner. The complaint consists of five causes of action, two relating to alleged damages for the removal of a certain warehouse erected shortly after he entered the tenure, of his occupancy, of the premises for his own use. The warehouse was not attached to the building or to the freehold in such a way that it constituted and formed a part of the property. Another cause of action relating to the removal of a certain awning erected by the tenant. Another cause of action for the removal of a sump pump which had been installed in the basement of the building. And another cause of action to recover a half month's rent for a half month after the tenant had left the property. The first lease was made between J. H. Scriven, appellant's husband, and the tenant on the first day of July, 1916, for a period of three years and five months. The warehouse was built on the premises in the fall of 1916. The building was set on hollow tile blocks and was not attached to the brick building. Mr. Scriven told him not to put the building on a foundation but

to build it on blocks of tile. It was the tenant's intentions to remove the warehouse whenever he vacated the property. A new awning was installed and the sump pump placed in the basement during the course of the tenure by the tenant of this property. It was a continued possession of said premises uninterruptedly and without surrendering possession at any time until he vacated the premises on January 15, 1938. Several written leases were from time to time entered into. The terms of the leases were practically the same except that the monthly rent varied with the changing conditions and provisions of the various leases. The tenant removed the building, the sump pump and the awning during the tenure of his tenancy and before the expiration thereof. The court found that the removal was without any injury to the building or plaintiff's premises. At the conclusion of the trial the court made findings, conclusions and a judgment for the defendant. The plaintiff has appealed from the judgment and the order overruling the motion for a new trial. The testimony of the appellant discloses that at the time the lease was executed that she was the owner of the property. She testified that she became the owner of the property in the spring of 1916 and the lease being made on July first of the same year we will, therefore, assume, regardless of the lease being signed by her husband, that she was the owner of the property and that she knew all about the negotiations and the terms of the lease. This assumption is based upon the testimony to the effect that she was around the premises at the time the warehouse was constructed and was in her husband's office which was upstairs in the building leased by the respondent and was there many times while the respondent was there and when they were talking over the business and the arrangements of leasing the building. That Mr. Scriven told the respondent at the time the warehouse building was erected that he could remove the same when he vacated the premises and that the appellant so understood cannot be doubted as it is corroborated by a letter written to the respondent in which she mentioned the fact that he had a warehouse of his own on the back of the lot. Upon this agreement between the

parties that the building placed upon the premises by the respondent for his own use and convenience should be his own and not part of the real property, it must be considered as the personal property of the respondent and would therefore not fall within section 497, R. C. 1919 (SDC 51.1103) as that section relates only to instances when property is affixed to the land of another without agreement. The law as laid down in the recent case of Curran et al. v. Curran et al., 67 S. D. 119, 289 N. W. 418, is controlling.

We are mindful of the authorities urged by the appellant but fail to see just how they are applicable to the facts before us where there was a closed and uninterrupted tenure of tenancy from the date of entering on July 1, 1916, to the day respondent removed therefrom, and for the reason just stated that there was an agreement permitting the removal which would be effective and permitting the tenant to remove his property from the premises. Cozart v. Johnson, 181 Ga. 337, 182 S. E. 502.

The awning and sump pump, the court found, were built by the respondent and were intended solely for his own use and convenience and intended to be removed at the termination of his occupancy of the premises, and the court found that the removal thereof was accomplished without any injury to the building.

■ The view we take that even though there were several written leases, yet, it constituted one continuous tenancy or tenure of tenancy, and the new leases were intended merely to provide for further occupancy of the premises and a continuation thereof.

We are unable to hold that the mere execution of a new lease should change the ownership of the property belonging to the tenant to the landlord where the tenant continues to hold and occupy the same premises under a continuous tenure and use of the real property. Devin v. Dougherty, 27 How. Prac. 455; 22 Am. Juris, 759-760; Springs et al. v. Atlantic Refining Co., 205 N. C. 444, 171 S. E. 635, 110 A.L.R. 474.

■ We have examined the court's finding relating to appellant's contention that respondent owed $32.50 rent.

We do not believe that there would be any useful purpose in analyzing the court's finding and reviewing evidence as it should be sufficient to say that through letters passing between the parties relative to the increasing of rent and in case that the tenant refused to pay the increased rent, that the tenancy at will would be terminated. We believe that effect must be given to respondent's letter containing check and the acceptance by appellant of the check for the payment of all rent due to the 15th of January, 1938, the date he fixed for termination of the lease. The respondent's letter definitely advised that he would move out and terminate his lease on that date. This notice was sufficient to terminate the lease and left no balance for rent due the appellant as found by the court. We believe that all of the findings made by the court are amply sustained by the evidence and that the conclusions of law were properly deductible from said findings and must be sustained.

The judgment and order appealed from are affirmed.

POLLEY and RUDOLPH, JJ., concur.

SMITH, P.J., and ROBERTS, J., concur in result.