LEVENS *et al. v.* LEVENS.

No. 16171.   April 15, 1948.   Rehearing denied May 14, 1948.

648

650

652

*Willis Smith, A. B. Taylor, J. R. Parham,* and *Durwood Pye,* for plaintiffs in error.

*Boykin & Boykin* and *Emmett Smith,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ In substance, the grounds of demurrer which were sustained are that the averments of the caveat with reference to undue influence are mere conclusions of the pleader, and too indefinite, loose, vague and uncertain to set forth any issuable facts, or any legal reason for denying probate upon that ground. Upon application of the principles of law announced by this court in *Penniston* v. *Kerrigan,* 159 *Ga.* 345 (125 S. E. 795), *Stephens* v. *Bonner,* 174 *Ga.* 128 (162 S. E. 383), and *Trust Company of Georgia* v. *Ivey,* 178 *Ga.* 629 (173 S. E. 648), to the averments of the caveat in the instant case, we think, when considered as a whole, that they properly allege such undue influence as to invalidate the will offered for probate, treating them as true for purposes of the demurrer, and this being the case, the court erred in sustaining

the demurrers. The Code, § 113-208, declares: "The very nature of a will requires that it should be freely and voluntarily executed; hence, anything which destroys this freedom of volition invalidates a will; such as fraudulent practices upon testator's fears, affections, or sympathies, duress or any undue influence, whereby the will of another is substituted for the wishes of the testator." And in Redfearn on Wills and Administration of Estates, § 48, it is said: "A very wide range of testimony is permissible on the issue of undue influence. This is due to the fact that undue influence seldom can be shown except by circumstantial evidence. It results from the circumstances and surroundings of the testator and his associations with the person or persons exercising the undue influence. For this reason it is proper, on this issue, to consider the testator's dealings and associations with the beneficiaries; his habits, motives, feelings; his strength or weakness of character; his confidential, family, social and business relations; the reasonableness or unreasonableness of the will; his mental and physical condition at the time the will was made; his manner and conduct; and generally every fact which will throw any light on the issue raised by the charge of undue influence."

While it may be said in the present case that some of the statements contained in the caveat, and to which special demurrers were interposed, standing alone would appear to be conclusions of the pleader, but when considered in connection with other averments of fact they cease to be such.

It is also true in the present case, as it was in the *Penniston* case, supra, that the allegations of the caveat do not in each instance furnish the exact or precise words and language employed for the purpose of unduly influencing the testator or the exact dates upon which this is said to have occurred. However, if that should be required in cases of this kind, it may well be doubted whether undue influence could ever be established. The impossible in pleading is not required. We are therefore of the opinion, and so hold, that the averments of the caveat, as they are fully set out in our statement of facts, were sufficient properly to allege undue influence, and this being true, they should not have been stricken on demurrer.

■ It is insisted in the brief for the defendants in error that, even if it can be said that the ruling in the present case on the demurrers was erroneous, as contended by the plaintiffs in error, such error was afterwards cured on the trial by the caveators being permitted to introduce their evidence in support of the stricken allegations, and by the charge of the court upon the issue of undue influence. This position is supported by *Northwestern Mutual Life Insurance Co.* v. *Suttles,* 201 *Ga.* 84, 105 (38 S. E. 2d, 786); *Hudgins Contracting Co.* v. *Redmond,* 178 *Ga.* 317 (4) (173 S. E. 135); *Cozart* v. *Johnson,* 181 *Ga.* 337 (2) (182 S. E. 502); *Ellis* v. *First National Bank of Atlanta,* 182 *Ga.* 641 (4) (186 S. E. 813); *Harris* v. *Neuman,* 183 *Ga.* 398 (3) (188 S. E. 689); *Fidelity & Deposit Co.* v. *Norwood,* 38 *Ga. App.* 534 (1c) (144 S. E. 387). With respect to this contention, we have carefully examined the voluminous record in the present case, and while we shall not in this opinion undertake to point out the specific instances which make the rule announced in the above-cited cases inapplicable here, it is sufficient to say that, in the circumstances of this case as revealed by the record, the erroneous ruling on the demurrers was not rendered harmless by what afterwards occurred on the trial.

■ Headnote 3 requires no elaboration.

*Judgment reversed. All the Justices concur.*