39969.   McDUFFIE v. TANNER.
39970.   BENNETT v. TANNER.

214

Decided July 2, 1963—Rehearing denied July 16, 1963.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, William A. Zorn,* for plaintiffs in error.

*Thomas, Howard & Moran, Hubert H. Howard, Milton F. Gardner,* contra.

BELL, Judge. ■ Special ground 1 of the motion for new trial complains of the admission over objection of evidence as to the amount of nurses' bills, it being contended that suit for this special damage would lie with the husband's cause of action and not the married plaintiff's.

It is not necessary for us to decide whether the admission of the testimony was erroneous, for even if it were assumed to be error, it was cured by the court's charge to the effect that medical expenses were not to be considered by the jury, as these damages were not sought by the plaintiff in the action. *Cozart v. Johnson,* 181 Ga. 337, 344 (2) (182 SE 502); *Norris v. Richardson,* 151 Ga. 31 (1) (105 SE 493); and *Belle Isle v. Kindig,* 25 Ga. App. 293 (4) (103 SE 269).

■ In special ground 2 the defendants contend that the court erred in making a brief, general introductory statement summarizing and outlining the elements of damages involved where there is a physical injury. The summary is correct as an abstract matter of law. In the next sentence following the summary the court began a detailed charge on each of the elements which the jury could have found in this case, in the same order that they were enumerated. Although the summary included a general reference to medical expenses, the court carefully instructed the jury that medical expenses were not to be considered by the jury since these damages were not sought by the plaintiff. (See Division 1.) It follows that this general statement could not confuse the jury or permit it to allow a double recovery on any element of damage or to allow recovery for any damage not authorized by the pleadings and evidence.

■ There is no merit in special ground 4 of the motion for new trial which complains that the charge of the court was insufficient to furnish the jury proper instructions on how to determine which elements of damages were special and subject to

exact proof. In charging on loss of wages, the only element of special damages, the court instructed that "the measure of damages for loss of wages is controlled by the proof as to what she lost, if anything." The charge in respect to special damages was somewhat general but, since the evidence did not disclose elements of special damage of a kind to require more detailed instructions on the subject, and there being no request to charge, the jury was not misled into speculation. *Crown Cotton Mills v. McNally*, 123 Ga. 35 (6) (51 SE 13); *Smith v. Payne*, 85 Ga. App. 693 (3) (70 SE2d 163).

■ There is no merit in ground 7 of the motion for new trial which contends that the instructions of the court were insufficient to furnish the jury proper instructions on how to apply the rule of ordinary negligence to the facts presented to them. In effect, the trial court charged that actionable negligence was the failure to exercise due care.

"Due care," "ordinary care," and "ordinary diligence" are *interchangeable terms*. The degree of care required of the defendant under the facts in the present case was ordinary care, and the use by the court of the words "due care" in charging the jury, instead of the words "ordinary care" was not error. *Criswell Baking Co. v. Milligan*, 77 Ga. App. 861 (3c), 868 (50 SE2d 136). Further, the words "ordinary care" are self-explanatory, and failure to define their meaning, in absence of timely request, is not reversible error. *Atlantic &c. R. Co. v. Smith*, 2 Ga. App. 294 (2) (58 SE 542); *Western Union Tel. Co. v. Ford*, 10 Ga. App. 606 (5), 621 (74 SE 70); *Jackson v. Ely*, 56 Ga. App. 763 (5) (194 SE 40); *Savannah Elec. Co. v. Bennett*, 130 Ga. 597 (2), 599 (61 SE 529).

■ Ground 6 contends that the court erred in failing to charge the jury on the use of the mortality tables introduced by plaintiff without objection for the purpose of showing the life expectancy of the plaintiff, there being a conflict in the evidence as to permanency of the injuries. At the trial of the case it was stipulated that the Carlisle Mortality Tables reflected that the plaintiff had a life expectancy of 42.17 years. In his charge on life expectancy the trial judge made no reference to the tables or the stipulation. He did make it clear, however, that the jury

was not to award future damages unless they found plaintiff's injuries to be permanent. It was held in *Central of Ga. R. Co. v. Bell*, 135 Ga. 846 (1) (70 SE 321) that: "In the absence of a timely written request, it was not error requiring a new trial for the court 'to fail to charge the jury upon the use of "the mortality and annuity tables . . ." introduced by the plaintiff in evidence.'" By contrast, in the cases cited by the defendants in support of their contention the trial court in each case had charged on the mortality tables but had given incomplete instructions or failed to charge that the jury could use the tables only if they found the injuries to be permanent. See *Southern R. Co. v. Daniell*, 102 Ga. App. 414 (116 SE2d 529); *Selman v. Davis*, 94 Ga. App. 450 (95 SE2d 44). These cases are not in point.

Ground 6 has no merit.

■ In ground 3 of their motion for new trial the defendants contend that the court erred in charging to the effect that if the jury found that the plaintiff's injury was permanent and "likely to cause her pain and suffering *and* impair in the future her ability to labor" they would be authorized to "consider these elements of damages." (Emphasis supplied.) The defendants contended that the judge failed to clarify that loss of capacity to labor is a factor of pain and suffering, rather than a separate item of damages, and that this instruction permitted a double recovery for the same injury, based on the holding in *Hunt v. Williams*, 104 Ga. App. 442, 449 (5a) (122 SE2d 149). It is true that virtually the same words were used in the charge held to have been harmful error in the *Hunt* case. The holding in that opinion, however, should be limited to cases in which the prejudicial effect of the charge is clearly shown. This holding in *Hunt* did not mean to impose an absolute and technical rule that in all charges by a trial judge where reference is made to "pain and suffering *and* the diminished capacity to labor" reversible error occurs because double damages are thereby authorized for pain and suffering. This holding in *Hunt* meant no more than to say that as far as the charge as a whole in *Hunt* was concerned, the use there of these words was error. In this con-

nection see particularly the Supreme Court decision of *Atlanta Street R. Co. v. Jacobs,* 88 Ga. 647 (15 SE 825).

In charges on *diminished capacity to labor* the Supreme Court has held that *it is not harmful error to fail to charge* that loss of capacity to labor is only an element of pain and suffering. See the following cases cited.

The married woman's right to compensation for mental anguish resulting from a diminished capacity to labor arising out of a physical injury was first recognized in Georgia in *Powell v. Augusta &c. R. Co.,* 77 Ga. 192, 200 (10) (3 SE 757). In this opinion Chief Justice Bleckley wrote that this "privation may well be classed with pain and suffering, especially where it involves the breaking up of established habits. To man or woman accustomed to work, enforced idleness is torture." In *Atlanta Street R. Co. v. Jacobs,* 88 Ga. 647, 652, supra, the great Chief Justice elaborated further in another damage suit involving a charge on a married woman's right to damages for impaired capacity to labor. In *Jacobs* the trial court had dealt with the entire subject of pain separately in a previous part of the charge before adding instructions on the subject of impaired power to labor. In this situation Chief Justice Bleckley said that "inasmuch as enforced idleness or diminished efficiency in offices of labor is calculated to give rise to mental distress, *it is not error to describe the thing by its effects and call it pain and suffering. But it need not be so called necessarily, and consequently it was not misleading for the court to treat of it separately* as a subject-matter for compensation in damages, although the plaintiff was a married woman." (Emphasis supplied.)

In *Brush Elec. Co. v. Simonsohn,* 107 Ga. 70, 73 (2) (32 SE 902), it was contended that it was error to charge on damages for mental distress arising from consciousness of inability to work because the court had already charged in reference to the subject of damages resulting from mental suffering, and that the effect of the language quoted was to lead the jury into giving double damages for this item. The Supreme Court, by a full-bench decision, held that the following charge was not erroneous or misleading: "Upon the question of damages, I charge you that there are *several elements* of damages which may be considered, as you

may find the evidence in the case. If you find there are permanent injuries, you have the right to give damages for that as a distinct item. If you find there was physical pain and suffering, you have the right to give damages for that as a *distinct item*. If you find there was mental suffering, you have the right to give damages for that as a *distinct item*. You have the right to give damages for that mental suffering which a man may have from the consciousness that his earning capacity is injured for life. *That is one element of damage.* The fact that a man is not able to work, or may be damaged for life, is a matter that the jury may take into consideration. You can give damages for diminution of earning capacity, if the evidence justifies you to find that his earning capacity has been diminished, and that defendant is liable therefor." (Emphasis supplied.)

In *Atlanta &c. R. Co. v. Haralson*, 133 Ga. 231, 235-236 (65 SE 437), the Supreme Court again recognized that loss of capacity to work is in the nature of pain. "It was contended, that, as the presiding judge mentioned permanent impairment of capacity to labor separately from his charge touching pain and suffering generally, the jury might have been misled into thinking that they might duplicate damages for pain and suffering; and that if lessened capacity to labor is an element of damages without regard to its effect on the plaintiff's capacity to earn money, it falls within the element of pain and suffering, and is not an independent element of damages . . . While the judge did not distinctly classify *impairment of capacity to labor as being pain and suffering,* under the ruling in *Atlanta Street R. Co. v. Jacobs* [88 Ga. 647, 15 SE 825], *we can not say that his charge on the subject was such as to require a new trial."* (Emphasis supplied.)

On the authority of these controlling Supreme Court decisions cited, in the case before us the charge of the trial court complained of in ground 3 was not harmful error. Considering the charge as a whole as well as its syntax, the case before us is distinguishable from the *Hunt* case. Here the phrase "pain and suffering *and* impair in the future her ability to labor" appears in the trial court's enumeration of findings *of fact* which the jury would have to make before they would be authorized to consider

or weigh these elements of damage. In the sentence immediately following this statement, the trial judge, as compared to the total lack of clarification or qualification by the trial judge in *Hunt*, in giving to the jury the guide for fixing damages used the word "or" rather than "and." Here the judge charged that: "The guide for fixing damages, if any, for pain and suffering *or* diminished capacity to labor as distinguished from earning capacity is the enlightened consciences of impartial jurors acting under the sanctity of their oaths." (Emphasis supplied.) By the use of the disjunctive "or" the judge conveyed to the jury that "pain and suffering" and "diminished capacity to labor" were to be understood as alternatives or different terms expressing the same idea, and not as separate elements of damages. This phrasing was somewhat inept, but it was not harmful as to the defendants below who are complaining of this charge.

The court did not err in overruling ground 3 of the motion for new trial.

Special ground 5, which apparently attempts to make objections similar to those involved in special ground 2, is incomplete as it does not state the portions of the charge complained of with sufficient fullness for this court to weigh the merits of the contentions.

The general grounds were abandoned.

The trial court did not err in overruling the motion for new trial in case No. 39969 or in case No. 39970.

*Judgments affirmed. Carlisle, P. J., and Hall, J., concur.*