67313. HARDIN et al. v. MACON MALL et al.

QUILLIAN, Presiding Judge.

Defendant Bill Hardin, d/b/a Bill Hardin Music, appeals from judgment for the plaintiff, The Macon Mall, entered on a jury verdict. Macon Mall and Hardin entered into a written lease for designated premises within the mall for a fifteen-year term on April 19, 1974. Hardin was evicted for non-payment of rent on May 30, 1980 in a dispossessory proceeding which granted the landlord, Macon Mall, possession of the premises. Judgment for back rent was obtained which covered rent through June 1980. The present action was brought in 1982 seeking additional "lost rent" for the period 1 July, 1980 through June 1982, when a new tenant entered into a lease with Macon Mall for the demised premises. The jury found for plaintiff and the trial court denied defendant's motions for new trial and judgment n.o.v. *Held:*

1. Defendant contends the trial court erred in denying his motions. We find no error. The thrust of defendant's arguments is that the landlord was not entitled to recover rent accruing after he was evicted. He relies upon *W. James Wilson & Assoc. v. Kelley,* 143 Ga. App. 271, 272 (238 SE2d 270), which held: "Eviction of the tenant and re-entry by the landlord terminated the lease." We find this authority is not controlling under the facts of this case.

Hardin contracted with Macon Mall in the lease that "[i]n case of any such default [which included non-payment of rent], re-entry, expiration and/or dispossession by summary proceedings or otherwise all rents and other charges shall become due thereupon and be paid up to the time of such re-entry, dispossess and/or expiration and Landlord may relet the Demised Premises or any part or parts thereof, either in the name of Landlord or otherwise, for a term which may at Landlord's option be less than or exceed the period which would otherwise have constituted the balance of the Lease Term . . . and Tenant . . . shall also pay Landlord, as liquidated damages for the failure of Tenant to observe and perform said Tenant's covenants herein contained, for each month of the period which would otherwise have constituted the balance of the Lease Term, any deficiency between (i) the sum of one monthly installment of Minimum Rent . . . and all charges that otherwise would have become due and (ii) the net amount, if any, of the rents collected on account of the lease of the Demised premises for . . . the balance of the Lease

Term." In essence this portion of the lease provides that the landlord shall be entitled to liquidated damages for the breach of the lease by the tenant, for each month, any deficiency between (1) the amount due that month, and (2) the amount collected for that month.

"Absent a limiting statute or controlling public policy, parties may contract with one another on whatever terms they wish (Cits.) and the written contract defines the full extent of their rights and duties (Cit.) ... In the absence of a public policy question, parties may contract to waive numerous and substantial rights." *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 368-369 (203 SE2d 587); *Sugarman v. Shaginaw,* 151 Ga. App. 621, 625 (260 SE2d 731); *Basic Four Corp. v. Parker,* 158 Ga. App. 117, 120 (279 SE2d 241). We are unaware of any statutory or public policy limiting a lessee's right to enter into a lease in which both parties agree that the lessee shall be liable for rent for the entire term, less that amount received if the premises are re-let. OCGA § 13-6-7 (formerly Code Ann. § 20-1402); 49 AmJur2d 591, Landlord & Tenant § 619; 52 CJS 445, Landlord & Tenant § 498 (2); 19 EGL 243, Landlord & Tenant § 59; Dawkins, Landlord and Tenant, Breach and Remedies, The Law in Georgia 118, § 7-6; *Buford-Clairmont, Inc. v. Jacobs Pharmacy,* 131 Ga. App. 643 (206 SE2d 674); *Kimber v. Towne Hills Dev. Co.,* 156 Ga. App. 401 (274 SE2d 620). In the instant case the lease specifically provided that in the event of non-payment of rent and dispossessory proceedings, the lessee would remain liable for all rent and all other charges under the lease for the remainder of the term — or until the demised premises were again leased — as liquidated damages for the lessee's breach. The lessor merely enforced the terms of the lease, as agreed to by the lessee. The trial court did not err in denying defendant's motion for new trial and judgment n.o.v.

2. The court was properly instructed on the issues presented and refusal of defendant's requested charges was not error. Neither was it error to instruct the jury that plaintiff could rely on the remedies provided in the lease.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED FEBRUARY 13, 1984.

*Joab O. Mangum III,* for appellants.
*John C. Edwards,* for appellees.