### 44592. LONG et al. v. MARION.
(360 SE2d 255)

MARSHALL, Chief Justice.

Appellants Long and Import Performance Centre, Ltd., brought a four-count action against appellee Marion based on their agreement to repair his automobile. Count 1 of Marion's three-count counterclaim for breach of the contract to repair referred to appellant Ferretti, but did not name him as a defendant. The trial court granted Marion's motion to amend his counterclaim to include Ferretti as a defendant, and directed that Ferretti be served with a copy of the motion, an amended counterclaim, and all pleadings filed to date. Marion never filed an amended counterclaim. Ferretti's timely an-

swer, after alleging that he had been "improperly served with insufficient copies," contained the defense that "[t]his court lacks personal jurisdiction over this defendant due to improper service." His attack on service was not a part of the subsequent pretrial order. There was a jury verdict and judgment against the defendants, including Ferretti, on some of the counts. The Court of Appeals affirmed. *Long v. Marion*, 182 Ga. App. 361 (355 SE2d 711) (1987). We granted certiorari to determine the issue of whether the trial court had personal jurisdiction of appellant Ferretti. We affirm.

1. Although Ferretti's defense of service of process by an unauthorized person (*Townsend v. Williams*, 170 Ga. App. 766 (318 SE2d 510) (1984)) *could* have been raised in a responsive pleading (OCGA § 9-11-12 (b) (2)), the only basis for lack of service contained in his answer was that he was served with insufficient copies. The record is devoid of a showing that he enlarged the attack on service made in his answer. The trial court overruled as untimely Ferretti's objection — on unstated grounds at the close of the evidence — as to service. However, we will not impute to the trial court from this ruling a determination of the unauthorized-server issue, which determination the record does not suggest. *Ga. Power Co. v. Harrison*, 253 Ga. 212, 215 (2) (318 SE2d 306) (1984). Since "[g]rounds which may be considered on appeal are limited to those which were urged before the trial court[,]" *Harrison v. Lawhorne*, 130 Ga. App. 314, 318 (5) (203 SE2d 292) (1973) and cits., the only ground remaining, as the Court of Appeals held, concerns the failure to serve Ferretti with all the pleadings.

2. "[S]ubstantial compliance with the requisites of the law with respect to issuing and serving of process is sufficient, and where notice is given, no technical or formal objection should invalidate any process." *Brim v. Pruitt*, 178 Ga. App. 321, 324 (342 SE2d 690) (1986) and cit. Here, although Ferretti was not served (as was the defendant in *Brim*, supra) with a pleading *technically* naming him as a party defendant, he *was* served with the original complaint, an answer (which included the counterclaim), and a motion to add him as a party defendant by counterclaim, which motion contained amended allegations as to Ferretti and named Ferretti as a party defendant by counterclaim in the caption. Ferretti does not deny that he actually received the defendant's amendment and motion of joinder. As the Court of Appeals held, "[i]n the circumstances here, even if all the pleadings were not originally given Ferretti at the time he was served, he had ample time to be thoroughly apprised of the claims against him and their rationale." *Long*, 182 Ga. App., supra at 363.

Although Ferretti filed a timely answer to the above pleadings, he made no motion to dismiss for improper service in the nine-month interim up to the entry of the pretrial order. Although a preliminary

hearing before trial on application of a party under OCGA § 9-11-12 (d) is one prescribed method of invoking the court's ruling on a § 9-11-12 (b) defense such as insufficient service of process, such preliminary jurisdictional matters may also be decided at the pretrial conference without awaiting another hearing. See 6 C. Wright & A. Miller, Federal Practice And Procedure § 1525 at 591 (1971). In *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491 (313 SE2d 709) (1984), the defendant reasonably asserted the defense of insufficient service of process in its answer, but a pretrial conference order subsequently entered made no reference to this defense; when the defendant later moved for a preliminary hearing on its defense prior to trial, the trial court concluded that the defense had been waived. The majority of the Court of Appeals agreed that the failure to list the defense in the pretrial order as one of the issues to be resolved in the case, waived the previously asserted objection, even though it represented a matter of abatement rather than an issue pertaining to the merits to be resolved at trial. "The use of the pretrial conference to focus not just on readying the case for trial but also on promoting greater judicial management of the entire pretrial phase of the case, especially motions and discovery, is a stated goal of the 1983 amendment to Federal Rule of Civil Procedure 16. See Fed. R. Civ. P. 16 advisory committee notes, 97 F.R.D. 165, 201-13 (1983). *O'Bryant* is thus consistent with this modern 'case management' approach." 36 Mer. L. Rev. 361 (fn. 115).

Ferretti argues that there was no consolidated pretrial order, order requiring him to submit a pretrial statement, or order requiring a pretrial conference or order; and that the trial court merely adopted appellee Marion's supplemental pretrial statement as the pretrial order. It has been held that, where service was not perfected in any manner allowed under OCGA § 9-11-4; the amended complaint was simply served upon the party as a pleading subsequent to the original complaint pursuant to OCGA § 9-11-5; and the party sought to be joined filed a special appearance contesting service and otherwise answering, there was no waiver of the service defense *where there was no pretrial hearing or order in the case. CMT Invest. Co. v. Automated Graphics &c.*, 175 Ga. App. 353 (333 SE2d 196) (1985). However, here, there *was* a pretrial order, entered after the submission of the other parties' pretrial statements. Ferretti does not claim not to have been served with copies of the statements and the order.

"A pretrial order 'limits the issues for trial to those not disposed of by admissions or agreements of counsel. The order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice.' OCGA § 9-11-16 (b). ' "If a claim or issue is omitted from the order, it is waived." ' *Ga. Power Co. v. O'Bryant*, 169 Ga. App. [, supra 495]." *John H. Smith, Inc. v. Teveit,*

175 Ga. App. 565, 566 (333 SE2d 856) (1985). Even if Ferretti was not aware of the necessity of filing a pretrial statement or of the impact of the pretrial order, however, in a civil case the court cannot put a pro se litigant on a different standard from one represented by counsel. Moreover, as in the *Teveit* case, supra, the pretrial order, once entered, was not modified, nor did Ferretti move to have it modified.

It is not harmful to apply the doctrine of waiver to Ferretti, who was personally and actively involved in the case from the very beginning: He placed the advertisement which made Marion a customer of the appellants, leading to the transaction resulting in the subject matter of this suit; before being made a party to the suit, he was aware of the suit, and was a witness who twice avoided being deposed as a nonparty witness; he filed a timely answer, participated in the trial, and had an opportunity to engage in discovery if he was so inclined.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 1987.

*Novy & Rumsey, Eugene Novy, Penelope W. Rumsey,* for appellants.

*Johnson & Benedict, Richard E. Johnson,* for appellee.