75410. BENTLEY-KESSINGER, INC. v. JONES et al.
(367 SE2d 317)

SOGNIER, Judge.
Fred M. Jones, Larry Kessinger, and Hubert Wright, as lessors, brought dispossessory proceedings against their tenant, Bentley-Kessinger, Inc. based on Bentley-Kessinger's nonpayment of rent. The landlords were awarded possession of the premises, and following the eviction they filed a Complaint for Lien, asking the court for a general lien on all property of the former tenant remaining in the commercial building, and permission to sell the property at private sale and apply the proceeds to satisfy not only that rent past due at eviction, but all unpaid rent on the 20-year lease. The trial court ruled in favor of the lessors, finding that the lease agreement specifically authorized the

lessee's liability for rent accruing after eviction. Bentley-Kessinger appeals.

Appellant contends the trial court erred by ruling that its liability for rent accrued after eviction was contractually authorized by the lease agreement. We agree and reverse.

We note initially that although the lease document is not in the record, its absence does not present an insurmountable hurdle to our decision of this case on its merits. We have here neither a situation where one party alleges that the other party has quoted paragraph 24 (b) of the lease inaccurately, nor the situation where one party alleges that even though paragraph 24 (b) is quoted accurately, its meaning is altered when read in conjunction with some other lease provision which is not before us. Rather, both parties agree that paragraph 24 (b) is the sole lease provision at issue, and their recitations of its contents are not in conflict. Rule 15 (b) of the Rules of the Court of Appeals, 172 Ga. App. A-3, A-8-9, allows us to consider this as an implied consent to the fact that paragraph 24 (b) says, in actuality, what the parties, in their briefs, tell us it says. See *Whisnant v. State*, 178 Ga. App. 742, 743 (1) (344 SE2d 536) (1986); *Hiley v. McGoogan*, 177 Ga. App. 809, 811, fn. 1 (341 SE2d 461) (1986). It further allows us to consider that paragraph as controlling, since neither party has pointed to another portion of the lease as altering what may be derived from a reading of paragraph 24 (b) alone. Thus, as the record shows the trial court concluded as a matter of law that paragraph 24 (b) provides that rent will continue to accrue even after default and repossession of the premises, we have before us all that is needed to allow us to review that conclusion, which is enumerated as error, on its merits.

It is the general rule in Georgia that an eviction and subsequent reentry and possession of the premises by the landlord terminates the lease. *W. James Wilson & Assoc. v. Kelley*, 143 Ga. App. 271, 272 (238 SE2d 270) (1977). Thus, any right to rent which accrues after eviction is normally extinguished. Nothing in *Metro Mgt. Co. v. Parker*, 247 Ga. 625 (278 SE2d 643) (1981) may be construed as overruling *Kelley*, supra, as the issue in *Kelley* with which we are concerned here was not addressed in *Metro Mgt*. The Supreme Court granted certiorari in *Metro Mgt*. "to consider whether the termination of a lease is a condition precedent to the institution of dispossessory proceedings under [OCGA § 44-7-50], where possession of the premises is sought on the basis of non-payment of rent, rather than on the basis of termination of the lease." Id. at 625-626. Any reliance on *Metro Mgt*., therefore, for the proposition that the landlord-tenant relationship continues after the landlord evicts the tenant, is misplaced. It is true that parties to a lease agreement may contract in advance to hold the lessee liable for rent even after an eviction, de-

ducting therefrom only the amounts recovered by the lessor from reletting the premises. *Hardin v. Macon Mall,* 169 Ga. App. 793, 794 (1) (315 SE2d 4) (1984). However, our decision in *Hardin* was premised on the existence of an explicit and detailed provision in the lease which clearly and unequivocally expressed the parties' intention to hold the lessee responsible for after-accrued rent even should an eviction take place. We do not agree with appellees or with the trial court that such is the case here. The only portion of the lease which is possibly applicable is that portion of paragraph 24 (b) (ii) which provides as follows: "Pursuit of any of the foregoing remedies by either party, shall not preclude pursuit of any other remedies provided by law, nor shall pursuit of any remedy herein provided constitute a forfeiture or waiver of any rights, rents, or other things due hereunder, or of any damage accruing to either party by reason of the violation of any of the terms, provisions and covenants herein contained, by the other." This language is general, and does not express a clear intent to allow the landlord to collect future rent in derogation of the usual rule. In the absence of such a clear expression of contrary intent, the common law should govern. Accordingly, that portion of the judgment below which finds appellant indebted to appellee for rent which accrued after eviction, and allows appellee to apply the proceeds of the sale of appellant's property to that indebtedness, must be reversed.

*Judgment reversed and case remanded for further proceedings in accordance with this opinion. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Pope and Benham, JJ., concur. Carley and Beasley, JJ., dissent.*

CARLEY, Judge, dissenting.

I cannot agree with the majority's determination that the "eviction and subsequent reentry and possession of the premises by the landlord terminates the lease." This conclusion ignores the teaching of the Supreme Court's decision in *Metro Mgt. Co. v. Parker,* 247 Ga. 625 (278 SE2d 643) (1981). In *Metro Mgt. Co.,* the Supreme Court reversed the judgment of this Court holding that a termination by the landlord of the lease was a condition precedent to regaining possession of the premises through a dispossessory proceeding even when the basis for eviction was nonpayment of rent. The Supreme Court held that "[i]f the ground for dispossession is that the tenant is a holdover, there is a requirement for termination of the lease simply to place the tenant in the status of a holdover. Where this requirement for termination exists, it must occur prior to the demand for possession. If the ground for dispossession is non-payment of rent, [OCGA § 44-7-50] provides that a landlord may make a demand for possession when the tenant 'shall fail to pay the rent *when the same shall become due.*' This right exists apart from any right the landlord may

have under a lease to terminate the lease for non-payment of rent. The statute does not impose a requirement that the landlord terminate the lease before instituting dispossessory proceedings where he does so solely on the basis of non-payment of rent. Rather, a close reading of Chapter [44-7] indicates that the intent of the legislature was *to provide a landlord with a means to regain possession of premises from a tenant who fails to make timely payment of rent. Failure to pay rent is a separate ground from that of holding over beyond the term. It may exist during the term.*" (Emphasis in original in part and supplied in part.) *Metro Mgt. Co. v. Parker*, supra, 630.

To the extent that the language in *W. James Wilson & Assoc. v. Kelley*, 143 Ga. App. 271, 272 (238 SE2d 270) (1977) could be construed to hold that eviction always terminates the lease even when eviction is based upon non-payment of rent, it must yield to the Supreme Court's decision in *Metro Mgt. Co. v. Parker*. In this case, the dispossessory proceeding was brought because of default in making payments of rental reserved under the lease. When construed in light of the rationale of *Metro Mgt. Co.*, the language of paragraph 24 (b) of the lease agreement clearly authorizes the landlord to "regain the premises" without terminating the lease. Thus, the landlord is entitled to seek the enforcement of the defaulting tenant's obligation to pay the rental reserved during the remainder of the term less credit for rent received as a result of any subsequent lease to a third party. I would affirm the judgment of the trial court.

BEASLEY, Judge, dissenting.

The defendant lessee leased a commercial building as a fast-food restaurant for a period of twenty years at the rate of $4,000 per month, plus taxes and insurance. The lessee failed to make certain lease payments and the lessors instituted dispossessory proceedings. Following eviction, lessors filed an amended "complaint for lien" alleging that the defendant owed rental arrearages in excess of $20,000 and asking for a general lien on property and equipment belonging to the former lessee remaining on the premises and for permission to dispose of it by private sale, the proceeds to satisfy the overdue rental. The parties agreed that the defendant would be enjoined and restrained from removing, damaging, or disposing of its property and equipment pending disposition of the complaint for lien.

The trial court concluded that a paragraph of the lease agreement provided contractually that rent would continue to accrue even after default and repossession and therefore that defendant was in arrears in the amount of $56,742.86 under the lease terms; granted plaintiffs a general lien on defendant's remaining property and equipment and the right to sell it at public sale in order to discharge the lien and the indebtedness; and provided that it would by order trans-

fer title to the property and equipment sold subject to the rights of any valid perfected security interest.

Lessee's contention is that the trial court erred in ruling as a matter of law that a paragraph in the lease agreement permitted eviction plus the recovery of rent following eviction.

First of all, I assume that the order appealed from is a final order and directly appealable rather than wanting from a certificate under OCGA § 5-6-34 (b).

Turning to the merits, parties to a lease agreement may agree by specific terms that even after eviction the lessee shall be liable for rent for the entire term of the lease, less the amount received if the premises are re-let. *Hardin v. Macon Mall*, 169 Ga. App. 793 (1) (315 SE2d 4) (1984). Therefore, the propriety of the court's determination in this case depends upon the language of the lease agreement.

But now there is a roadblock to a decision. Both appellant and appellees purport to quote purported provisions of the lease agreement in their respective appellate briefs, and appellant contends that there is no specific provision for rent after eviction. But no copy of this critical document appears anywhere in the record submitted on appeal. An inquiry to the trial court clerk confirmed that it was not in the record, so this is not a situation which lends itself to our ordering the record to be supplemented per OCGA § 5-6-48 (d). Even if we regarded the quotations as an implied stipulation of fact, we would need the entire lease so as to properly construe the disputed portion in context. OCGA § 13-2-2 (4).

The burden of showing harmful error is appellant's, which must be done by the record and not by assertions of evidence in the brief or enumerations of error. *Gibbs v. Browning*, 172 Ga. App. 76, 77 (321 SE2d 813) (1984). See also *Veit v. State*, 182 Ga. App. 753, 758 (6) (357 SE2d 113) (1987); *Continental Ins. Co. v. Carter*, 171 Ga. App. 162, 163 (318 SE2d 770) (1984); *York v. Miller*, 168 Ga. App. 849, 850 (310 SE2d 577) (1983). The rule is well settled in this State that "the burden is on the party alleging error to show it affirmatively by the record. [Cits.]" *Campbell v. Powell*, 206 Ga. 768, 770 (3) (58 SE2d 829) (1950). Therefore, even if appellant had provided a copy of the lease in part or in its entirety in its brief rather than ostensible passages from the lease in its argument in brief, this would be inadequate for this Court to consider the substance of the lease and likewise it would not have afforded a basis for reversal of the lower court. *Taylor v. Bentley*, 166 Ga. App. 887 (2) (305 SE2d 617) (1983). As quoted and applied in *Griffith v. Ga. Bd. of Dentistry*, 175 Ga. App. 533, 534 (333 SE2d 647) (1985): " ' "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. [Cits.]" ' " *Tingle v. Arnold, Cate & Allen*, 129 Ga. App. 134,

139 (199 SE2d 260) (1973) (on motion for rehearing)."

Of course, the burden was on plaintiff-lessor at the trial level to prove its case, but appellant does not raise below or enumerate as error the court's ruling without the document actually in evidence, so the sufficiency of the evidence is not before us. *Harrison v. Lawhorne*, 130 Ga. App. 314, 318 (5) (203 SE2d 292) (1973); *Long v. Marion*, 257 Ga. 431, 432 (1) (360 SE2d 255) (1987).

In order to contest the trial court's interpretation of the lease agreement, appellant was required to make a copy of the document a part of the record. See *Lake v. Hicks*, 147 Ga. App. 175 (2) (248 SE2d 236) (1978). In its absence we are constrained to affirm the lower court's determination.

DECIDED MARCH 18, 1988.

*Michael E. Sumner*, for appellant.
*H. Parnell Odom*, for appellees.