A90A0067. KURC v. HERREN et al.
(396 SE2d 62)

CARLEY, Chief Judge.

Appellant-plaintiff entered into a written agreement to rent an apartment from appellee-defendants. Alleging the conversion of certain items of his personal property that remained on the premises after the early termination of the lease, appellant filed suit against ap-

pellees. Appellees answered, asserting that the property had been abandoned, and they subsequently moved for summary judgment. The trial court granted summary judgment in favor of appellees and appellant appeals.

1. "[A]fter the tenant's term and possession are ended . . . personalty remains the property of the tenant; and though it may be left in the building, it is not *by that fact alone* to be treated as abandoned to the landlord. [Cits.]" (Emphasis supplied.) *Cozart v. Johnson*, 181 Ga. 337, 343 (1) (182 SE 502) (1935). However, appellant's abandonment of his personal property is shown by *more* than the mere fact that he left it on the premises after the early termination of the lease. In relevant part, the lease itself provided the following definition of "abandonment": "[Appellees] shall . . . have the right to store or dispose of any of [appellant's] property remaining on the property after the termination of this agreement. Any such property shall be considered [appellees'] property and title thereto shall vest in [appellees]." Compare *Cozart v. Johnson*, supra at 342 (wherein "[t]here was no evidence of an express agreement touching the rights of the parties with respect to the [tenant's personalty]. . . .") Although there is no Georgia authority directly on point, other jurisdictions have recognized the enforceability of such a lease provision. "A stipulation in the lease as to the ownership of chattels which may be placed upon the demised premises will be enforced, regardless of what may be the rights of the parties at common law. . . . The lease may expressly provide that chattels shall become the property of the lessor on the expiration of the lease." 51C CJS 804, Landlord & Tenant, § 317 (a) (1968). The recognition of the enforceability of such a lease provision would not be inconsistent with general principles of Georgia law. "It is the paramount public policy of this state that courts will not lightly interfere with the freedom of parties to contract. [Cit.] And, 'a person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest.' [Cit.] Thus, it is general contract law in Georgia that parties are free to contract about any subject matter, on any terms, unless prohibited by statute or public policy, and injury to the public interest clearly appears. [Cit.]" *Lovelace v. Figure Salon*, 179 Ga. App. 51, 52 (1) (345 SE2d 139) (1986). Accordingly, there being no statutory or public policy prohibition which militates against enforcement of a lessee's agreement that his personalty shall be deemed "abandoned" and become the property of the lessor if left on the premises after the termination of the lease, we hold that such provisions are enforceable in this state according to their terms. See generally *Hardin v. Macon Mall*, 169 Ga. App. 793 (1) (315 SE2d 4) (1984).

Appellant urges that, even if such lease provisions are generally enforceable in Georgia, the instant provision is not because it does

not satisfy the tripartite test for enforceability as a liquidated damages provision. See *Fields v. Smith*, 190 Ga. App. 369 (378 SE2d 741) (1989). However, the instant provision need not satisfy that tripartite test because it is *not* a liquidated damages provision. Liquidated damages "are a sum to be paid in lieu of performance. [Cit.]" *Thorne v. Lee Timber Prods.*, 158 Ga. App. 226 (279 SE2d 521) (1981). The provision in the instant lease does not purport to authorize appellees' recovery of *damages* in the event of appellant's breach of the lease. Instead, it merely provides that, notwithstanding appellant's rights as a tenant under common law, any items of his personalty remaining on the premises after termination of the lease would be deemed abandoned and become the property of appellees. Under its terms, appellees' title to such of appellant's personalty as remained on the premises was in no way dependent upon appellant's breach of the lease, but merely upon the termination of the lease. Since the provision in the instant lease is clearly *not* a liquidated damages provision, we need not decide whether *Fields v. Smith*, supra, remains viable authority or whether it may have erroneously construed the provisions of an enforceable option agreement as being a potentially unenforceable liquidated damages provision.

2. Appellant urges that a genuine issue of material fact remains as to whether he intended to abandon his personalty. In light of our holding in Division 1, however, summary judgment would have been improperly granted only if a genuine issue of material fact remains as to whether the lease was terminated. If the lease was in fact terminated, any of appellant's personalty that remained on the premises was "abandoned" as a matter of contract law notwithstanding appellant's subjective intent to the contrary. "Where the contract terms are clear and unambiguous, the court will look to that *alone* to find the true intent of the parties. [Cit.]" (Emphasis supplied.) *Southern Fed. &c. Assn. of Atlanta v. Lyle*, 249 Ga. 284, 287 (1) (290 SE2d 455) (1982).

The undisputed evidence of record is as follows: The written lease provided for the early termination of the lease by appellant upon certain conditions. On September 1, 1986, appellant invoked this provision and it was mutually agreed that the lease would terminate as of the end of that month. Although appellees did retain appellant's security deposit, one of the conditions for early termination was that appellant pay "an amount equal to one months rent" and the lease otherwise provided that the security deposit could "be applied by [appellees] to satisfy all or part of [appellant's] obligations. . . ." In any event, there is no contention that appellees' retention of the security deposit was in express recognition and consideration of appellant's right to continue to occupy the premises past September 30, 1986. Compare *Pleasant Hill Acres v. Todd*, 158 Ga. App. 730, 731 (1)

(282 SE2d 148) (1981).

On this evidence, it is clear that there was an early termination of the lease and that, as of October 1, 1986, any items of appellant's personalty that remained on the premises had been "abandoned" and belonged to appellees. It follows that the trial court correctly granted summary judgment in favor of appellees.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 12, 1990.

*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, James D. Meadows*, for appellant.

*Renda M. Bailey, Michael W. Broadbear*, for appellees.