A91A2203. OTT v. VINEVILLE MARKET, LTD.
(416 SE2d 362)

BIRDSONG, Presiding Judge.

Douglas E. Ott appeals the grant of summary judgment to Vineville Market on its claim he breached his lease for space in Vineville's shopping center. The record shows that with the consent of the lessor, Ott was assigned the lease of A Flower Cart in March 1989, and that he abandoned the premises in May 1990, but paid rent through June 1990. Later, Vineville released the space to another tenant, but the lease was for $960 less than Ott's lease.

After attempts to secure payment were unsuccessful, Vineville sued Ott for the rent then due, accelerated future payments, and attorney fees, and then moved for summary judgment on these claims. Ott's response denied liability because Vineville allegedly breached a lease provision that it would not make any new leases in direct competition with A Flower Cart, and because the accelerated rent payments constituted an unenforceable penalty. The trial court, however, granted Vineville Market's motion, and this appeal followed. *Held*:

1. Pretermitting whether Vineville breached the anti-competition clause in the lease is whether such a breach would excuse Ott from performing his obligations under the lease. We find that it would not. OCGA § 13-4-23 provides "[i]f the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance." Thus, to constitute a defense to this action, Ott's nonperformance must have been caused by conduct of Vineville which made his performance useless or impossible. *Southern Business Machines v. Norwest Fin. &c.*, 194 Ga. App. 253, 254-255 (390 SE2d 402). Nothing in this record, however, raises the issue that Vineville made Ott's performance useless or impossible. Instead, Ott contended only that other stores were in competition with A Flower Cart. Indeed, one of these competitors was in business

before A Flower Cart's lease and thus this clause was inapplicable to that competition. Although nearby competition seemingly could hamper a business' profitability, Ott's evidence failed to create a credible issue of fact on whether this competition made A Flower Cart's operation impossible or useless. Moreover, as Vineville would not bear the burden of proof on this issue at trial, it was not required to disprove this contention affirmatively. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474). The trial court did not err in granting summary judgment to Vineville.

2. Ott's contention that the accelerated lease payments constitute a penalty is also without merit. As this was not a liquidated damage provision, there was no need to satisfy the test for enforceability of liquidated damages. See *Kurc v. Herren*, 196 Ga. App. 331, 333 (396 SE2d 62). Parties may contract for payment of the lease for the entire term less any amounts received if the property is relet. *Bentley-Kessinger, Inc. v. Jones*, 186 Ga. App. 466, 467-468 (367 SE2d 317); *Hardin v. Macon Mall*, 169 Ga. App. 793, 794 (315 SE2d 4).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 25, 1992.

*Hofstadter & Stevenson, Bruce M. Hofstadter, Sarah S. Harris,* for appellant.

*Adams & Adams, V. J. Adams, Jr.,* for appellee.