## A92A1599. PETERSON v. P. C. TOWERS, L. P.
(426 SE2d 243)

ANDREWS, Judge.

In 1987, Peterson rented 15,060 square feet of office space at Peachtree Center under a commercial lease agreement for a term of five years ending October 31, 1992. Alleging that Peterson defaulted by failing to pay rent due under the lease, P. C. Towers exercised its right under the lease to terminate the lease, and brought a dispossessory proceeding in March 1990, to have Peterson's business removed from the premises. In the dispossessory action, P. C. Towers also sought to collect approximately three months past due rent in the amount of $62,099.22, accelerated rent payable for the remaining term of the lease in the amount of $787,418.46, together with late charges, interest and attorney fees claimed due under the lease provisions. Peterson appeals from an order of the trial court granting summary judgment in favor of P. C. Towers.

When P. C. Towers filed the dispossessory action in March 1990, Peterson filed an answer interposing various defenses, but conceding that P. C. Towers was entitled to issuance of a writ of possession. The trial court issued a writ of possession, and Peterson's business was subsequently evicted in April 1990. The remaining issues in the dispossessory action dealing with amounts due under the lease were ordered set for trial. When the dispossessory action was filed, no claim was made for accelerated rent, but in March 1991, prior to entry of a pre-trial order, P. C. Towers amended the action by adding a claim for the present value of accelerated rent.

1. Peterson contends the added claim was untimely, and the trial court erred by considering it. The amendment to the action was made prior to entry of a pre-trial order pursuant to OCGA § 9-11-15 (a), and the trial court did not err in considering the added claim. *Peterson v. American Intl. &c. Co.*, 203 Ga. App. 745, 746-747 (417 SE2d 402) (1992).

2. Peterson argues that P. C. Towers lost the right to collect post-eviction rent when it terminated the lease for non-payment of rent by a letter dated February 1990, and subsequently evicted the business pursuant to the dispossessory action. Generally, when a landlord evicts a tenant and takes possession of the premises, the lease is terminated and the right to claim rent which accrues after eviction is extinguished. *Bentley-Kessinger v. Jones*, 186 Ga. App. 466, 467 (367 SE2d 317) (1988). However, the "parties to a lease agreement may contract in advance to hold the lessee liable for rent even after an eviction, deducting therefrom only the amounts recovered by the lessor from reletting the premises . . . [if such an agreement is] premised on the existence of an explicit and detailed provision in the lease which clearly and unequivocally expressed the parties' intention to

hold the lessee responsible for after-accrued rent even should an eviction take place." (Citation and punctuation omitted.) Id. at 467-468; *Hardin v. Macon Mall*, 169 Ga. App. 793 (315 SE2d 4) (1984).

The present lease provided that in the event the lease is terminated by the tenant's default, including non-payment of rent, "Landlord may, at its option, declare the entire amount of the rent which would become due and payable during the remainder of the term of this lease to be due and payable immediately upon ten days written notice to Tenant of Landlord's intent to accelerate said payments for the unexpired term; and with reduction to present cash value of said payments based upon a discount rate of twelve percent (12%) as the present value factor, in which event Tenant agrees to pay the same at once, together with all rents theretofore due, at the office of the Landlord, Atlanta, Georgia, provided, however, that such payments shall not constitute a penalty or forfeiture or liquidated damages, but shall merely constitute payment in advance of the rent for the remainder of the said term. Upon making such payment, Tenant shall receive from Landlord all rents received by Landlord from other tenants on account of said Premises during the term of this Lease, provided, however, that the monies to which the Tenant shall so become entitled shall in no event exceed the entire amount payable by Tenant to Landlord under the preceding sentence of this subparagraph." This language was a clear expression of the parties' intention that after eviction the tenant may, at the landlord's option, be held responsible for future accruing rent less amounts received from reletting of the premises. Notice of the landlord's intention to exercise this option was given, and termination of the lease and eviction of the tenant did not extinguish the landlord's right to collect after-accruing rent. *Hardin*, supra.

3. Peterson contends the acceleration clause quoted in Division 2 constituted an unenforceable penalty. The lease states the acceleration clause is not intended to be a penalty or liquidated damages, but rather an advance payment of rent by the tenant. It is clear that the sum representing accelerated rent is not an advance payment of rent by the tenant because the lease was terminated, and the landlord took possession of the premises. Acceleration of rent under these circumstances clearly constitutes an agreement to pay the landlord in possession of the premises a sum representing damages ensuing from a breach and termination of the lease. As such, it either qualifies as an enforceable liquidated damages provision, or it fails as a penalty. *Jones v. Clark*, 147 Ga. App. 657, 658-659 (249 SE2d 619) (1978); *Glen Oak v. Henderson*, 258 Ga. 455, 458-459 (369 SE2d 736) (1988) (acceleration clause in lease would be void as a penalty if it fails to meet any of the criteria for qualification as liquidated damages).

Determining whether such a clause constitutes an enforceable liq-

uidated damages provision or an unenforceable penalty is a question of law for the court. *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, 258 Ga. 808, 809 (375 SE2d 222) (1989). To qualify as an enforceable liquidated damages provision three factors must be present: "First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and, third, the sum stipulated must be a reasonable pre-estimate of the probable loss." (Citations and punctuation omitted.) *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976); *Jones*, supra at 658-659. On summary judgment, P. C. Towers, as movant, "has the burden of showing that as to the three prongs of *Southeastern*, supra, no genuine issue of material fact exists, . . ." *Liberty Life Ins. Co.*, supra at 809.

We first address the requirement that the injury caused by the breach must be difficult or impossible of accurate estimation. The measure of damages in an action seeking to recover in advance for the full remaining term of a breached lease is the difference between what the tenant would have had to pay in rent for the balance of the term, and the fair rental value of the premises for the balance of the term. *Szabo Assoc. v. Peachtree-Piedmont Assoc.*, 141 Ga. App. 654-655 (234 SE2d 119) (1977). Although the amount of damage for a breach of the lease is easily stated in theory, and easily applied when damages are sought at the end of the lease term, a concrete estimation of damage is not always easily made when the action seeks to collect immediate lump sum damages in the form of accelerated rent on a lease breached with a substantial amount of time remaining in the term. In the latter case, determining the fair market value of the balance of the lease term may require a difficult assessment of future market conditions to calculate the future rental value of the premises, and the probability of reletting for the full remaining term. Compare *Jones*, supra. The estimation of damages resulting from the breach of the lease in this case with over a year and a half of the term remaining was of sufficient difficulty to satisfy this factor for qualification as an enforceable liquidated damages provision.

To qualify as enforceable liquidated damages, the sums sought as accelerated rent under the lease must be a reasonable estimate of actual damages. Under the lease provisions, the landlord was entitled to terminate the lease, evict the tenant, and then collect in advance rent reduced to present value which would have been payable to the end of the lease term. These provisions give the landlord the benefit of both present possession of the premises, and the present value of all future rent. Reduction of the accelerated rent to present value is a factor tending to establish that the accelerated rent sum is a reasonable estimate of probable loss. See *Adams v. D & D Leasing Co.*, 191

Ga. App. 121, 123-124 (381 SE2d 94) (1989). However, both possession of the premises and a present lump sum award of future rent without any calculation of damages based on the future rental value of the premises, and the likelihood of reletting, provides P. C. Towers with payment potentially bearing no reasonable relation to actual damages. See *Jones*, supra at 659. Actual damages at the time of the breach may be stated as the difference between the rent which would have been payable by the tenant under the lease, and the market value of the premises for the remainder of the original lease term. See *Szabo*, supra. Accordingly, in order to make a reasonable estimate of the difference between the rent due in the lease and the actual rental value of the premises for the remaining term, this calculation must be conditioned on an assessment of future market conditions for the premises to account for future rental value, and the probability of reletting the premises for all or part of the remaining term. The present lease fails to account for these factors in determining the sum sought as liquidated damages.

For the above reasons, the acceleration provision was in the nature of an unenforceable penalty, rather than a provision for liquidated damages. See *Jones*, supra at 659; see generally 19 EGL, Landlord and Tenant, § 59, pp. 244-245. Accordingly, the trial court erred in granting summary judgment in favor of P. C. Towers for accelerated rent in the amount of $787,418.46.

4. We find no error in the trial court's award of summary judgment in favor of P. C. Towers for amounts claimed due under the lease for past due rent ($62,099.22), late charges ($7,451.90), interest ($4,370.76), attorney fees ($6,647.00), plus cost of court. Peterson does not challenge the validity of these claims or the amounts awarded, but contends summary judgment was inappropriate because he was owed sums under the lease for leasehold improvements in excess of these amounts. There is no merit in this contention. An allowance for leasehold improvements was made available to Peterson under the lease, but it is undisputed that no such improvements were made. Peterson was not entitled to receive the allowance in the absence of any improvements.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 3, 1992.

*Vincent, Chorey, Taylor & Feil, Otto F. Feil III*, for appellant. *Wiles & Wiles, John J. Wiles, A. Frank Settlemyer*, for appellee.