A93A1351. McCOY et al. v. H. N. R. INVESTMENT
GROUP, L. P.
(437 SE2d 355)

Cooper, Judge.

Appellee-plaintiff H. N. R. Investment Group, L. P., as the successor in interest to Harry Norman Realtors, brought this action to recover a real estate broker's commission allegedly due from appellant-defendants, the McCoys. After limited discovery, cross-motions for summary judgment were filed. Appellants appeal from the order of the trial court granting appellee's motion and denying their motion.

Viewed in the light most favorable to appellants, the evidence adduced below would authorize the following material facts: Appellants, as owners, entered into an agreement with appellee, as agent, under which appellee was to locate a tenant to lease certain residential real estate located in Fulton County, Georgia. The agreement is captioned EXCLUSIVE LISTING AGREEMENT and provided, in part, that appellee shall have the "exclusive right to lease the property for a minimum of 90 days . . . until terminated by 30 days prior written notice" and specified a commission due upon leasing. The agreement further specified that "[i]f Owner sells the property to a tenant (or his spouse) obtained hereunder, during or after the lease's term, Owner shall pay Agent a commission of 7 [per cent.] of the sales price." In answers to interrogatories, appellants admitted that a tenant had been found through the efforts of appellee. Appellants paid appellee a leasing commission in the amount of one month's rent out of a year's lease. The lease expired on August 31, 1991 and appellants agreed with the tenant to extend the lease on a month-to-month basis. Without the further assistance or efforts by appellee, appellants negotiated directly with the tenant and entered into a purchase and sale agreement with her. Closing took place on April 27, 1992. Appellants argue that their motion for summary judgment was erroneously denied because appellee indisputably performed no acts leading to the consummated sale. Alternatively, it is urged that summary judgment was erroneously granted to appellee because a jury question exists as to whether appellee's efforts were reasonably related in time to the actual sale.

1. Appellants' second argument will be addressed first. It is contended that, because there is no express contractual termination date after which appellee will no longer be entitled to a commission for having procured a tenant who subsequently buys, a jury should deter-

mine a reasonable time.

"When the owner of real estate has authorized a broker to sell it, without setting a time limit, he is bound to exercise good faith towards his agent and not captiously withdraw the property for the purpose of defeating the agent's commission about to be earned. If no time limit is fixed in a contract authorizing an agent to sell real estate, then, under the law, he has a reasonable time within which to do so; and what is a reasonable time is an issue to be determined by the jury. [Cits.]" *Wood v. Planzer*, 73 Ga. App. 731, 734 (1) (37 SE2d 813) (1946). While it is true that the agreement entered into among appellants and appellee does not identify an express termination date, it does provide that the agency was terminable at will by either party upon 30 days written notice. There is no such written notice of termination in the record and appellants do not claim that they ever took this step to terminate the agency. Accordingly, there is no jury question as to the duration of the agency nor as to whether the agency was still in existence at the time appellants sold their home to the tenant procured by appellee. The authorities relied upon by appellants to show the existence of a fact question for jury resolution are inapposite, and appellants have failed to demonstrate any error on the part of the trial court in granting appellee's motion for summary judgment on this basis.

2. Urging that the undisputed evidence shows that appellee failed to procure the *sale* of their residence, appellants enumerate as error the denial of their motion for summary judgment and the grant of appellee's motion.

As a *general* rule, "[t]he fact that property is placed in the hands of a broker to sell shall not prevent the owner from selling, unless otherwise agreed. The broker's commissions are earned when, during the agency, he finds a purchaser who is ready, able and willing to buy and who actually offers to buy on the terms stipulated by the owner." OCGA § 10-6-32. However, " '[i]t is the paramount public policy of this state that courts will not lightly interfere with the freedom of parties to contract. (Cit.) And, "a person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest." [OCGA § 1-3-7.] Thus, it is general contract law in Georgia that parties are free to contract about any subject matter, on any terms, unless prohibited by statute or public policy, and injury to the public interest clearly appears. (Cit.)' [Cit.]" *Kurc v. Herren*, 196 Ga. App. 331, 332 (1) (396 SE2d 62) (1990). "[T]his ancient rule is applicable to all the private relations in which [persons] may place themselves towards each other." *Western & Atlantic R. Co. v. Bishop*, 50 Ga. 465, 472 (1) (1873). It follows that the owner and broker are free to vary or add to the contractual duties which, when fulfilled during the agency, define completed perfor-

mance by the broker entitling him to his commissions. In such cases the general rule as to what is required of the broker in order to be entitled to commissions is modified accordingly. See *Phinizy v. Bush*, 129 Ga. 479 (3) (59 SE 259) (1907).

The owners here, by promising to pay the broker a *sales* commission in the event *they* sell their home to a tenant "obtained" under the leasing agreement, have defined the circumstances under which the broker is deemed to have procured the sale. The statutory and common law elements of procuring the sale have been "modified accordingly," *Phinizy v. Bush*, supra, and cases applying the general rule are not applicable to this action. It follows that the failure of appellee to establish that it procured the sale in compliance with the common law rule is no basis for granting appellants' motion for summary judgment.

The circumstances whereby an owner agrees to pay a sales commission to the broker procuring a tenant who subsequently buys from the owner admit of the same economic consequences to the owner as when a broker procures a lessee who also purchases an option to buy. "In such a case the broker's right to commissions does not accrue until the option has been exercised. When, however, the option has been exercised, his right of action is complete. [Cits.]" *Snead v. Wood*, 24 Ga. App. 210, 216 (2) (100 SE 714) (1919). Since it is admitted that appellee procured the tenant to whom appellants sold their house "during or after the lease's term" and also during the term of the agency, the broker's contractual obligations are fulfilled. The owners sold their home to a tenant procured by the broker and, under the unambiguous terms of their agreement with the broker, owe the sales commission provided for therein. The trial court correctly granted appellee's motion for summary judgment as to its entitlement to real estate sales commissions.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED OCTOBER 26, 1993.

*Louis K. Polonsky*, for appellants.
*McLain & Merritt, Robert B. Hill*, for appellee.