A04A0365. FUEL MARKETING, INC. v. PETROLEUM REALTY INVESTMENT PARTNERS.

(601 SE2d 125)

MILLER, Judge.

This appeal arises from Petroleum Realty Investment Partner's suit to recover unpaid rent and other expenses due under the terms of a commercial lease from Fuel Marketing, Inc. Following a bench trial, the trial court issued a written order containing findings of fact and conclusions of law. Fuel Marketing appeals from this order, contending the trial court erred by awarding Petroleum Realty: (1) rent accruing after Fuel Marketing's eviction; (2) the value of a loss from Petroleum Realty's sale of a portion of the leased property after Fuel Marketing's breach of the lease; and (3) attorney fees generated to collect damages not owed under the lease. For the reasons that follow, we reverse and remand with direction.

On September 30, 1999, Fuel Marketing leased nine convenience store/gas station locations from Petroleum Realty for a term of twenty years. With regard to any default by Fuel Marketing, the Paragraph 31 (C) of the lease provided, in pertinent part:

> In the event of any breach or default, . . . Lessor shall be entitled to exercise, at its option, concurrently, successively, or in any combination, all remedies available at law or in equity, including without limitation any one or more of the

following as to the entire Premises, or at Lessor's option, any portion(s) thereof:

(i) To terminate this Lease, whereupon Lessee's right to possession of the Premises shall cease and this Lease, except as to Lessee's liability and matters which expressly survive the termination hereof, shall be terminated;

. . .

(iv) To bring an action against Lessee for any damages sustained by Lessor or any equitable relief available to Lessor;

(v) To relet the Premises or any part thereof for such term or terms . . . , at such rents and upon such other terms as Lessor, in its sole discretion, may determine, with all proceeds received from such reletting being applied to the rental and other sums due from Lessee.

. . .

(vi) To accelerate and recover from Lessee all rent and other monetary sums due and owing and scheduled to become due and owing under the Lease both before and after the date of such breach for the entire original scheduled term of this Lease or the then current term hereof, subject to no deductions, credits, or adjustments whatsoever except as required by nonwaivable law.

A little over two years later, Fuel Marketing failed to pay its monthly rent totaling $88,882.66 due on November 1, 2001. The next day, Petroleum Realty declared Fuel Marketing in default and demanded possession. On November 27, 2001, Petroleum Realty filed suit against Fuel Marketing, seeking possession, back rent, accelerated rent totaling approximately $18 million, and attorney fees and costs. Petroleum Realty regained possession after its eviction proceeding against Fuel Marketing concluded in January 2002.

At trial Petroleum Realty sought to recover net rent and interest from November 2001 through April 2003 (the time of trial) totaling $1,567,180.05. It also sought the present value of 18 years lost rent on a store location that it was forced to sell as a result of Fuel Marketing's default totaling $2,388,977.50. Petroleum Realty's net loss on the sale of this store was $64,500. Petroleum Realty also sought attorney fees and expenses totaling $66,077.32, as well as additional miscellaneous expenses totaling $145,795.62.

The trial court awarded Petroleum Realty all of the lost rent through the time of trial that it sought, the entire amount of attorney

fees it sought, and its net loss on the sale of the store location for a total judgment of $1,697,757.37. In its written "judgment and final order," the trial court expressly found that "[i]n reaching the findings of liability and calculations of damages set forth above, neither the Plaintiffs nor the Court has relied upon Paragraph 31 (C) (vi) of the Lease." This section of the lease, set forth above, related to collection of accelerated rent for the remainder of the lease term.

1. Fuel Marketing contends that Petroleum Realty was only entitled to collect unpaid rent through the time it regained possession of the stores after evicting Fuel Marketing in January 2002. In support of this contention, Fuel Marketing relies on the general principle that "when a landlord evicts a tenant and takes possession of the premises, the lease is terminated and the right to claim rent which accrues after [the] eviction is extinguished." (Citation omitted.) *Peterson v. P. C. Towers, L.P.*, 206 Ga. App. 591 (2) (426 SE2d 243) (1992); see also *Bentley-Kessinger, Inc. v. Jones*, 186 Ga. App. 466, 467 (367 SE2d 317) (1988). The exception to this rule is when the lease contains "an explicit and detailed provision . . . which clearly and unequivocally expressed the parties' intention to hold the lessee responsible for after-accrued rent even should an eviction take place." *Bentley-Kessinger*, supra, 186 Ga. App. at 468.

Fuel Marketing asserts that the only provision in the lease that clearly and unequivocally addressed its obligation to pay rent after its eviction was Paragraph 31 (C) (vi), and that this provision was an unenforceable penalty. Petroleum Realty agreed that this provision was unenforceable at trial and the trial court did not use it to support its award of rent accruing after Fuel Marketing's eviction. Instead, the trial court read the remaining above-quoted lease provisions in combination to find the parties' intent to hold the lessee liable for rent accruing after eviction. As in *Bentley-Kessinger*, supra, the contract language at issue here "is general, and does not express a clear intent to allow the landlord to collect future rent in derogation of the usual rule." 186 Ga. App. at 468. The provisions relied upon by the trial court were intended to be read together with the unenforceable penalty found in Paragraph 31 (C) (vi), the only provision that did clearly and unequivocally provide for recovery of future rent after eviction. Since this provision could not be used to award future rent, see *Peterson*, supra, and the other provisions standing alone were too general to authorize such an award, the trial court erred by including in its damage award rent that accrued after Fuel Marketing's eviction. Consequently, we vacate this portion of the trial court's damage award and remand this case to the trial court. On remand, the trial court must revise its damage award to include only lost rent through the time of Fuel Marketing's eviction in January 2002.

2. Fuel Marketing contends the trial court also erred by awarding Petroleum Realty its net loss on the sale of one of the store locations. We agree. The proper measure of damages was Petroleum Realty's lost rent on this location until the time it evicted Fuel Marketing in January 2002. *Peterson*, supra, 206 Ga. App. at 591 (2); *Bentley-Kessinger*, supra, 186 Ga. App. at 467. Cf. *Noble v. Kerr*, 123 Ga. App. 319 (1) (180 SE2d 601) (1971) (tenant, who abandoned property and was not evicted, liable for lost rent only through time of sale of the property, which terminated the lease). As a result, we reverse the trial court's award of $64,500 to Petroleum Realty for its net loss on the sale of a store location.

3. In its remaining enumeration of error, Fuel Marketing contends the trial court erred by awarding Petroleum Realty all of its attorney fees through the time of trial because a large portion of these fees were incurred as part of Petroleum Realty's effort to obtain rent to which it was not entitled, i.e., rent accruing after Fuel Marketing's eviction.[1] The lease provided that Petroleum Realty was entitled to recover attorney fees "incurred by Lessor as a result of [Fuel Marketing's] breach, regardless of whether or not legal proceedings are actually commenced." In light of our holding in Division 1, we vacate the trial court's award of attorney fees and remand this case to the trial court to award Petroleum Realty attorney fees that were incurred as a result of Fuel Marketing's breach of the lease. See *Imaging Systems Intl. v. Magnetic Resonance Plus*, 227 Ga. App. 641, 646 (3) (490 SE2d 124) (1997).

*Judgment reversed and case remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 24, 2004 —
RECONSIDERATION DENIED JUNE 14, 2004.

*Harris & Liken, Ernest V. Harris*, for appellant.
*Stone & Bellus, Freddie R. Stone, Jr., John E. Bellus, Jr.*, for appellee.

---

[1] We find no merit in Petroleum Realty's claim that Fuel Marketing waived its right to appeal this issue by agreeing that Petroleum Realty's counsel's hourly rate and time spent for the work performed was reasonable. Conceding that the fees are reasonable cannot be construed as a concession that fees are owed.